IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MYLA NAUMAN, JANE ROLLER, and MICHAEL LOUGHERY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 04 C 7199 ) ) Judge Robert W. Gettleman |
| ABBOTT LABORATORIES and HOSPIRA, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Myla Nauman, Jane Roller and Michael Loughery, on behalf of themselves and all others similarly situated, have brought a four count amended class action complaint against defendants Abbott Laboratories and Hospira, Inc., alleging in Counts I through III violations of § 10 of the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. § 1140, and a breach of fiduciary duty imposed by ERISA in Count IV. In separate opinions issued on April 27, 2005, and December 30, 2005, the court first held that Counts I through III state a claim and then certified a class under Fed. R. Civ. P. 23 for Counts I and II and a subclass for Count III. Nauman v. Abbott Laboratories, 2005 WL 1139480 (N.D. Ill. 2005)("Nauman I"); Nauman v. Abbott Laboratories, 2005 WL 3601696 (N.D. Ill. 2005). An overview of the factual basis for plaintiffs' claims can be found in Nauman I. Plaintiffs subsequently amended their complaint to add the breach of fiduciary duty claims brought in Count IV. Abbott and Hospira have each moved to dismiss Count IV for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Abbott's motion is denied and Hospira's motion is granted.

## DISCUSSION

In Count IV plaintiffs allege that both Abbott and Hospira were acting as ERISA fiduciaries when they exercised discretionary authority to communicate with plaintiffs and other Abbott employees about their benefits upon termination with Abbott, and the future of those benefits if plaintiffs accepted employment with Hospira. Specifically, plaintiffs allege that on August 22, 2003, the Abbott plan participants were jointly told by Abbott and Hospira's new management team that "compensation and benefits for employees of the new company will remain the same through the end of 2004. For 2005 and beyond, the new company's management team and board of directors will assist current and future management needs, and make appropriate decisions for you and the company." Similar statements were made in written materials and in an August 22, 2003, telephone conference call with 600 Abbott employees. In fact, according to plaintiffs, these statements were not true when made, because both Abbott and the new Hospira company management team knew and had already decided that the new company benefits would be reduced for 2005 and beyond. Plaintiffs allege that the decisions as to whether certain retirement benefits would continue after 2005 were made prior to the effective date of the spin-off. Plaintiffs also allege that Abbott and Hospira knew, but did not tell plan participants, that their long-standing defined benefit pension plan would be frozen at year end 2004 and that Hospira would not provide any retiree medical benefit coverage.

**Abbot**t

Abbott has moved to dismiss Count IV, arguing that the elements of a claim for breach of a fiduciary duty based on a misrepresentation about an ERISA plan are: (1) defendant's status as an ERISA fiduciary acting as a fiduciary; (2) a misrepresentation by defendant; (3) the materiality of the misrepresentations; and (4) detrimental reliance. See Daniels v. Thomas &

Betts Corp., 263 F. 3d 66, 73 (3rd Cir. 2001). According to Abbott, plaintiffs' "fail to allege all of these elements . . .."

Abbott's motion demonstrates a serious misunderstanding of federal notice pleading. As the Seventh Circuit has recently reiterated in a series of rulings, complaints need not allege facts corresponding to every "element" of a legal theory. That is a code pleading approach specifically rejected by the Federal Rules of Civil Procedure. See e.g., McDonald v. Household International, Inc., 425 F.3d 424, 427 (7th Cir. 2005). In federal court "one pleads 'claims' (which is to say, grievances) rather than legal theories and factual specifics." Simpson v. Nickel, 450 F.3d 303, 305 (7th Cir. 2006). "Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005). Indeed, this very liberal pleading standard has led the Seventh Circuit to issue a caution to both district judges and defendants, Id. (emphasis in original):

> Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: what rule of law requires a complaint to contain that allegation?"

Yet, that is precisely what Abbott has argued: that the complaint does not allege detrimental reliance. The complaint does have sufficient detail, however, to put Abbott on notice of plaintiffs' grievance. If Abbott thinks it needs more notice (which it likely does not) it can move for a more definite statement under Rule 12(e) before responding. If Abbott thinks the claims lack merit, which is what its motion really suggests, it should move for summary judgment after discovery. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

That Abbott misconstrues federal pleading requirements is perhaps best demonstrated by the fact that none of the cases on which it primarily relies actually involved a challenge to a pleading. For example, Daniels, 263 F.3d 66, was decided on summary judgment. The two Seventh Circuit cases on which Abbott relies were also decided on the merits. Bock v. Computer Associates Itern., Inc., 257 F.3d 700, 711 (7th Cir. 2001) (appeal from judgment after a bench trial); Kamler v. H/N Telecom Serv., Inc., 305 F.3d 672, 681 (7th Cir. 2002) (summary judgment). While these cases may demonstrate what plaintiffs will have "establish" to succeed on their claims, an obligation to allege some matter in a complaint does not entail an obligation to "establish" that issue at the pleading stage. "[S]upport of one's allegations comes later, in a response to a motion for summary judgment or at trial. Simpson, 450 F;3d at 305. At the pleading stage facts need not be "established" or even alleged; a plaintiff receives the benefit of any fact that could be established later consistent with the complaint's allegations. Id.

Abbott does argue that the particularity requirements of Rule 9(b) apply to claims of breach of fiduciary duty under ERISA. That appears to be somewhat of an open question. Compare Rogers v. Baxter Intern. Inc., 417 F. Supp. 2d 974 (N.D. Ill. 2006) (breach of fiduciary claim amounted to allegation of fraud requiring 9(b) specificity) with Smith v. Aon Corp., 2006 WL 1006052 (N.D. Ill. 2006) (allegations similar to fraud do not implicate Rule 9(b) where the gravamen of the claim is grounded in ERISA). Even if Abbott is correct, however, Rule 9(b) requires only that the allegations provide the "who, what, where, when and how" of the alleged misrepresentations. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). The instant complaint, along with the attached exhibit,s provide the requisite detail.

Finally, Abbott argues that the alleged "misrepresentations" concern a future event which is not actionable. See West v. Western Cas. & Sur. Co., 846 F.2d 387, 393 (7th Cir. 1988) (applying Illinois law). Plaintiffs correctly respond that it is a breach of fiduciary duty for an employer to lie to employees "in order to induce them to surrender their benefits." Baker v. Kingsley, 387 F.3d 649, 661 (7th Cir. 2005). More importantly, plaintiffs have alleged that Abbott stated that certain decisions had not yet been made, when in fact they had. That is a misrepresentation as to a present fact and is clearly actionable. Accordingly, Abbott's motion to dismiss Count IV is denied.

**Hospira**

At first glance, Hospira's motion appears to suffer from the same flaws as Abbott's, for it too opens by stating that plaintiffs fail to "establish" any of the elements of the claim. A closer examination however, reveals that Hospira's motion is based not on what the complaint fails to allege, but on what it does allege. According to Hospira, the facts alleged show that plaintiffs have no case against it. Even under federal notice pleading litigants may plead themselves out of court by alleging facts that defeat recovery. Doe, 429 F.3d at 708.

Hospira's motion argues that it could not be a plan fiduciary because it was not yet in existence at the time of the alleged misrepresentations. A claim for breach of fiduciary duty under ERISA is valid only against a fiduciary. Baker, 387 F.3d at 660. Because ERISA's fiduciary duties run only to "participants in a plan," and Hospira was not yet a fiduciary with respect to any existing plan, it argues plaintiffs' complaint fails as a matter of law. See e.g., Flanigan v. General Electric Co., 242 F.3d 78 (2nd Cir. 2001); Plummer v. The Consolidated City of Indianapolis, 2004 WL 2278740 (S.D. Ind. 2004).

Plaintiffs acknowledge that generally a company not yet in existence cannot owe a fiduciary duty. Nor can a purchasing company owe a duty before the sale closes. Thus, the holding in Flanigan is straightforward. In Flanigan, the plaintiffs claimed that both G.E. and Lockheed had "violated a fiduciary duty to give them full information about their pension benefit rights before closing a transaction in which Lockheed had agreed to acquire a division of G.E. and had agreed to offer the G.E. employees benefits substantially similar to what they had at G.E. The court held that Lockheed could not have breached a fiduciary duty because at the time of the alleged communications the transaction had not yet closed. Consequently, Lockheed was not yet in a fiduciary relationship with the plaintiffs. Flanigan, 242 F.3d at 85.

Plaintiffs' argue that cases such as Flanigan and Plummer are inapplicable, because those cases involved arm-length transactions where a business was sold to a true third party. In contrast, plaintiffs allege that Abbott "set up in-house a new enterprise with management appointed from the inside, that is then spun-off." Plaintiffs allege that Hospira was a wholly-owned subsidiary created by Abbott for the purpose of avoiding pension liability. According to plaintiffs, defendants communicated between themselves about using the current plan to fund a new transitional plan for at least nine months at Hospira.

Although plaintiffs have certainly identified factual differences between their case and those relied on by Hospira, that these factual differences have no legal significance. No court has held that a corporation can be an ERISA fiduciary prior to its existence. At the time of the alleged misrepresentations, plaintiffs and the class they purport to represent were participants in the Abbott plans. There were as yet no Hospira plans. Accordingly, Hospira's motion to dismiss Count IV is granted.

## **CONCLUSION**

For the reasons set forth above Abbott's motion to dismiss Count IV is denied. Hospira's motion to dismiss Count IV is granted.

**ENTER:    August 14, 2006**

_____
**Robert W. Gettleman
United States District Judge**