IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MYLA NAUMAN, JANE ROLLER and )
MICHAEL LOUGHERY, )
 )
        Plaintiffs, )
 ) No.  04 C 7199
   v. )
 ) Judge Robert W. Gettleman
ABBOTT LABORATORIES and HOSPIRA, INC., )
 )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Myla Nauman, Jane Roller and Michael Loughery, on behalf of themselves and all others similarly situated, brought a three count putative class action complaint against defendants Abbott Laboratories and Hospira, Inc., alleging violations of § 510 of ERISA, 29 U.S.C. § 1140. Count I, brought against Abbott, plaintiffs' former employer, alleges that Abbott terminated plaintiffs' employment by "spinning-off" the division for which they worked, with the specific intent to interfere with plaintiffs' attainment or receipt of benefits under the various Abbott Benefit Plans. Count II, also brought against Abbott, alleges that Abbott adopted a no-hire policy, under which it refused to rehire employees terminated as part of the spin-off for a period of two years, effectively eliminating any rights plaintiffs could have retained under the Abbott Benefit Plans. Count III, directed against Hospira, the new company spun-off from Abbott, alleges that Hospira by agreement with Abbott adopted a no-hire policy under which it refused to hire any employees who chose to first retire from Abbott and collect retirement benefits prior to seeking employment with Hospira. On December 30, 2005, the court certified a class as to Counts I and II against Abbott and a subclass under Count III. Nauman v. Abbott Laboratories, 2005 WL 3601696 (N.D. Ill. 2005). Plaintiffs then moved to amend the complaint

to add Count IV, a breach of fiduciary duty claim against both defendants. On August 14, 2006, the court denied Abbott's motion to dismiss Count IV, but dismissed the count as to Hospira. Plaintiffs have now moved to certify Count IV as a class action against Abbott. They seek to certify the same class already certified for Counts I and II. For the reasons discussed below, that motion is granted.

## DISCUSSION

Fed. R. Civ. P. 23, which governs class actions, requires a two-step analysis to determine if claim certification is appropriate. First, plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. These elements are prerequisites for certification, and failure to meet any one of them precludes certification of a class. Second, the action must also satisfy one of the conditions of Rule 23(b). Joncek v. Local 14 Int. Teamsters Health and Welfare Fund, 1999 WL 755051 at*2 (N.D. Ill. 1999) (and cases cited therein).

In Count IV plaintiffs allege that Abbott was acting as an ERISA fiduciary when it exercised discretionary authority to communicate with plaintiff and other Abbott employees about their benefits upon termination with Abbott, and the future of the benefits if plaintiffs accepted employment with Hospira. Specifically, plaintiffs allege that on August 22, 2003, the Abbott Plan participants were told that "compensation and benefits for employees of the new company will remain the same through the end of 2004. For 2005 and beyond, the new company's management team and board of directors will access current and future management needs, and make appropriate decisions for you and the company." Similar statements were made in an August 22, 2003, telephone conference with 600 Abbott employees. According to

2

plaintiffs, these statements were not true when made because Abbott omitted disclosure that both Abbott and the new Hospira company management team already knew and had already decided that the new company's benefits would be reduced for 2005 and beyond.

Rule 23(a) Elements

### Numerosity

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." This court has already ruled that the proposed class satisfied the numerosity requirement, see Abbott, 2005 WL 3601696.

### Commonality and Typicality

Commonality generally requires the presence of questions of law or fact common to the class. The rule does not mandate absolute commonality; a common nucleus of operative fact is usually enough to satisfy the requirement. Joncek, 1999 WL 755051 at *4. Typicality is satisfied if a plaintiffs' claim arises from the same event or practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory. Id. Because commonality and typicality are closely related, a finding of one often results in a finding of the other. Id.

Plaintiffs assert that there are a number of common class-wide questions, including: (1) whether Abbott was acting in a fiduciary capacity when it failed to disclose accurate information to Plan participants about benefits at the new company; whether Abbott's communications to the class, or lack thereof, constituted a breach of its fiduciary duty; (3) whether an to what extent the class was harmed by the breach; and (4) what remedies are available to the class.

3

Abbott's primary attack on class certification centers on commonality. Specifically, Abbott argues that detrimental reliance is an element of plaintiffs' claim for breach of fiduciary duty, and that liability depends entirely on "the decision-making process unique to each individual" plaintiff. To support this argument Abbott cites a number of cases from other circuits that hold that individual proof of reliance on an alleged misrepresentation is an element of a breach of fiduciary duty claim. See e.g. Daniels v. Thomas & Betts Corp., 263 F.3d 66, 69 (3rd Cir. 2001); Ballone v. Eastman Kodak Co., 109 F.3d 117, 122-26 (2nd Cir. 1997); James v. Pirelli Armstrong Tire Corp., 305 F.3d 439, 449 (6th Cir. 2002). Each of the cases relied on by Abbott, however, involve straight misrepresentations, unlike the instant case which alleges material omissions with a duty to disclose. Because plaintiffs have characterized their claims as being based on omissions, there is precedent to support the notion that reliance could be presumed. See Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 153-54 (1972) (in securities fraud cases reliance presumed when fraud is based on omissions of material fact with duty to disclose).

Moreover, as defendant acknowledges, the Seventh Circuit has never expressly held that detrimental reliance is an element of an ERISA breach of fiduciary duty claim. The Seventh Circuit has repeatedly described the elements of such a claim as: (1) defendants are plan fiduciaries; (2) defendants breached their fiduciary duty; and (3) the breach caused harm to the plaintiff. Kamler v. H/N Telecommunication Services, 305 F.3d 672, 681 (7th Cir. 2004); Brosted v. Unum Life Insurance Co. of America, 421 F.3d 459, 465 (7th Cir. 2005).

Additionally, defendants' reliance argument places too much emphasis on plaintiffs' conduct when "appropriate focus in a breach of fiduciary claim is the conduct of the defendants,

4

not the plaintiffs." In re Aquila ERISA Litigation, 237 F.R.D. 202, 208 (W.D. Miss. 2006) (quoting In re Williams, 231 F.R.D. 416, 422 (N.D. Ok. 2005). Commonality requires the existence of only one common issue of law or fact. Dunn v. City of Chicago, 231 F.R.D. 367, 372 (N.D. Ill. 2005). There are several such common issues in the instant case. Accordingly, the court concludes that commonality is present.

Typicality is also satisfied. Plaintiffs' claims arise out of certain class-wide announcements made by Abbott that allegedly omitted material facts.

Finally, there is no question with respect to adequacy of representation. The class representatives do not have antagonistic or conflicting claims with the other class members, they have a sufficient interest to ensure vigorous advocacy, and the class counsel are competent, experienced, qualified and able to conduct the proposed litigation vigorously. Joncek, 1999 WL 755051 at *6-7.[1]

Rule 23(b)

In addition to meeting the requirements of Rule 23(a), a proposed class action must also satisfy one of the elements of Rule 23(b). Id. at *2. In the instant case, plaintiffs suggest certification of Count IV under Rule 23(b)(2) as the court has done with respect to Counts I through III, because the complaint seeks predominantly injunctive relief and the defendant has

---

[1] Abbott argues that the named plaintiffs do not adequately represent the class because they have not alleged any economic harm based on detrimental reliance. It is clear, however, that each member of the class lost an opportunity to seek some sort of compensation for the loss of benefits that Abbott knew would occur. See Hensley v. P.H. Glatfelter, 2005 WL 3158033 at*5 (W.D.N.C. 2005). For example, there is evidence that some future Hospira executives were offered a "transition bonus" equal to the amount of their lost benefits. Had the class members known of such payments, they could have, either individually or as a group, demanded similar payments.

5

acted or refused to act on grounds generally applicable to the class. Fed. R. Civ. P. 23(b)(2).

Abbott has raised no objection to certification under Rule 23(b)(2).

## **CONCLUSION**

For the reasons set forth above, plaintiffs' motion for class certification of Count IV is granted. The class is defined as:

> All employees of Abbott who were participants in the Abbott Benefit Plans and whose employment with Abbott was terminated between August 22, 2003, and April 30, 2004, as a result of the spin-off of the HPD/creation of Hospira announced by Abbott on August 22, 2003.

**ENTER:** April 3, 2007

*[signature: Robert W. Gettleman]*

**Robert W. Gettleman**
**United States District Judge**